NO. 07-07-0068-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 16, 2007

______________________________

KATIE LORRAINE COSPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 27
TH
 DISTRICT COURT OF BELL COUNTY;

NO. 59592; HONORABLE JOE CARROLL, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

Pending before the Court is appellant’s motion to dismiss her appeal.  Appellant and her attorney both have signed the document stating that appellant withdraws her appeal.  Tex. R. App. P. 42.2(a).  No decision of this Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained and our mandate will issue forthwith.

James T. Campbell

        Justice

Do not publish
9th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-505,558; HON. WILLIAM C. SOWDER, PRESIDING

_______________________________

ON ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.
(footnote: 1)
 Appellant Helen Vela appeals from the final judgment of the trial court.  On May 7, 2009, the clerk’s record was filed.  The reporter’s record was due on May 8, 2009.  No extension motion or reporter’s record was filed.  On May 13, 2009, this court directed the court reporter by letter “to advise the Court of the status of the reporter’s record on or before Tuesday, May 26, 2009."  No response has been filed.

Accordingly, we abate this appeal and remand the cause to the 99th District Court of Lubbock County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

1.  whether appellant desires to prosecute the appeal;

2.  why the reporter’s record has not been filed in accordance with the Texas Rules of Appellate Procedure; and,

3.
  when the reporter’s record can reasonably be filed (given the length of trial and size of the record) in a manner that does not unduly delay the prosecution of this appeal.

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing, if any.  Additionally, the district court shall then file the supplemental clerk’s and reporter’s records transcribing the hearing with the clerk of this court on or before July 3, 2009.  Should further time be needed by the trial court to perform these tasks, then same must be requested before July 3, 2009.

It is so ordered.

Per Curiam

FOOTNOTES
1: